# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: Adoption of S.S.**

**No. 14-1103** (Mercer County 13-A-35)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father B.R., by counsel David B. Kelley, appeals the Circuit Court of Mercer County's September 16, 2014, order granting respondents' petition for adoption of the child, S.S.[1] Respondents D.L. and S.L., the child's maternal aunt and uncle, by counsel Michael P. Cooke, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, P. Michael Magann, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) terminating his parental rights to the child and (2) granting the petition for adoption over his objection.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, respondents filed a petition for adoption of the child. The petition alleged that the child's mother voluntarily consented to the relinquishment of her parental rights and that petitioner abandoned the child. According to the petition, petitioner failed to exercise any previously court-ordered supervised visitation, failed to provide any financial support, and requested not to pay child support. The petition explained that the child and her mother had resided primarily with respondents since March of 2011 when the child, who was born prematurely, was released from the hospital.

In November of 2013, following his guilty plea to one count of falsifying a consent form to purchase a firearm in the Commonwealth of Virginia, petitioner was sentenced to three years in prison, two years of which were suspended. In January of 2014, petitioner also pled guilty to one count of discharging a firearm in an occupied building, for which he was sentenced to twelve months in jail, which was suspended, and ordered to pay a $100 fine. Due to his incarceration, the circuit court appointed petitioner a guardian ad litem in the adoption proceedings. In February of 2014, petitioner's guardian filed an answer denying the petition's claims and requesting that the circuit court deny and dismiss the petition.

---

[1]The parties and juvenile in this case will be identified by initials pursuant to Rule 40 of the Rules of Appellate Procedure.

In May of 2014, the circuit court held a final hearing on the petition for adoption. Several witnesses testified that petitioner last saw the child in 2011 when she was one-month old; that he owed more than $700 in child support arrearages before his child support payments were set at zero; and that he made little effort to attempt to visit the child.[2] Further, petitioner admitted he had not paid child support at any time, but he claimed that he attempted to arrange supervised visitation by placing his name on a waiting list at the visitation center. However, he did not follow through with those visits. He also admitted that he was incarcerated, but he explained that he was to be released in September of 2014.[3] The circuit court also heard evidence that a family court previously determined by paternity testing that petitioner was the child's father. At the close of evidence, in addition to argument by petitioner and respondents, the child's guardian argued that the adoption was in the child's best interests due to petitioner's past behavior and respondents' good standing as the child's caretakers. The circuit court agreed and granted the petition for adoption.

In September of 2014, the circuit court entered its order granting the petition for adoption. The circuit court found that petitioner made poor life choices, and, based on the evidence presented, had abandoned the child. This appeal followed.

We previously have held that

[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *In re Adoption of C.R.*, 233 W.Va. 385, 758 S.E.2d 589 (2014) (internal citations omitted). We have also explained that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). Finally, "a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, in part, *In re: Ashton M.*, 228 W.Va. 584, 723 S.E.2d 409 (2012). With these standards in mind, we now turn to petitioner's assignments of error.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights to the child and granting the petition for adoption over his objection.[4] West Virginia Code § 48-

---

[2]It appears from the record on appeal that petitioner's child support obligation was set at zero dollars due to his income.

[3]Petitioner was subsequently released from incarceration at that time.

[4]Although petitioner raises these issues in two assignments of error, he discusses them in one argument. As we find that these issues are related, we address them together.

22-301 provides that consent to or relinquishment for adoption is generally required where, as here, an outsider father has been adjudicated to be the father. However, that statute further provides that consent to or relinquishment for adoption is not required where the court finds that the child is abandoned. Pursuant to West Virginia Code § 48-22-306, a parent has presumed to abandon his/her child when, for a period of six uninterrupted months immediately prior to the petition's filing, the parent fails to financially support the child and fails to visit or otherwise communicate with the child.

In the case at bar, the record on appeal clearly supports the circuit court's finding that petitioner abandoned this child. The circumstances present in this matter satisfy the presumption of abandonment set forth in West Virginia Code § 48-22-306, and petitioner failed to overcome that presumption. The evidence clearly indicates that petitioner failed to financially support the child and failed to visit or otherwise communicate with the child after February of 2011. Petitioner admitted that he failed to pay child support and failed to follow through with supervised visitation with the child. We have explained that "in a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided." *In re Antonio R.A.*, 228 W.Va. 380, 388, 719 S.E.2d 850, 858 (2011) (internal citations omitted). As stated by the child's guardian, the respondents' home is the only home the child has ever known, and adoption is in the child's best interests. Based on the record before us, we cannot find reversible error in the circuit court's ruling that petitioner abandoned the child and that adoption was, and is, in the child's best interests.

For the foregoing reasons, the circuit court's September 16, 2014, order granting the petition for adoption of S.S. is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II